IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Johnson, <br><br> Petitioner, <br><br> v. <br><br> S. Jackson, <br><br> Respondent. | Case No. 4:23-cv-1753-SAL <br><br><br> **AMENDED ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 40.] For the reasons below, the court adopts the Report and dismisses this action for federal habeas relief as untimely.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner Timothy Johnson is an inmate in the custody of the South Carolina Department of Corrections, serving a nineteen-year sentence for charges related to distribution of heroin. He pleaded guilty to the offenses in the Court of General Sessions for Florence County, South Carolina on August 2, 2016, and was sentenced on November 14, 2016. [ECF Nos. 28-1 at 3–32; 28-5 at 3–17.] Petitioner did not directly appeal his conviction or sentence in state court.

On April 13, 2017, Petitioner filed his first application for post-conviction relief ("PCR"). [ECF No. 28-1 at 34–40.] The PCR court denied and dismissed his application on March 20, 2018, following an evidentiary hearing. *Id.* at 96–105. On November 19, 2018, Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, which transferred his PCR appeal to

1

the South Carolina Court of Appeals. [ECF Nos. 28-3; 28-7.] The Court of Appeals denied the writ of certiorari on October 15, 2020, and a remittitur was filed with the Florence County Clerk of Court on November 9, 2020. [ECF Nos. 28-8; 28-9.]

Petitioner filed this *pro se* action for federal habeas relief under 28 U.S.C. § 2254 on April 27, 2023. [ECF No. 1.] Respondent S. Jackson now moves for summary judgment, arguing Petitioner's claims are barred by the applicable statute of limitations. [ECF Nos. 28–29.] The magistrate judge recommends the court grant the motion. [ECF No. 40.] Petitioner filed objections to that recommendation and later moved to stay this action. [ECF Nos. 43, 47.] Respondent responded in opposition to both filings. [ECF Nos. 46, 49.] This matter is now fully briefed and ripe for review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Petitioner is proceeding *pro se*, the court must liberally construe his arguments to allow him to fully develop potentially meritorious claims. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). That said, the requirement of liberal construction does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge finds that Petitioner's claims are untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [ECF No. 40 at 7–10.] For the reasons below, the court agrees. It further denies Petitioner's request for a stay pending the resolution of a state court action, ECF No. 47.

### I.

As the Report notes, Petitioner's federal habeas claims are governed by 28 U.S.C. § 2244(d). The statute reads as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner was sentenced on November 14, 2016. His judgment "became final" when he failed to file a direct appeal within ten days, as permitted under South Carolina Appellate Court Rule 203. § 2244(d)(1)(A). Thus, the statute of limitations on his claims began on November 25, 2016, and ran for 139 days.

On April 13, 2017, Petitioner filed his first PCR application, thereby tolling his limitation period under § 2244(d)(2). At the latest, it began to run again on November 9, 2020, when the remittitur dismissing Petitioner's PCR appeal was filed with the Florence County Clerk of Court.[1] Petitioner then waited nearly 2.5 years before delivering his federal habeas petition to prison official on April 25, 2023. *See* ECF No. 1-1 at 2; *Houston v. Lack*, 487 U.S. 266 (1988). Given that Petitioner clearly missed his one-year window for bringing his § 2254 claims, the court agrees with the Report that dismissal is warranted.

The court further agrees with the magistrate judge that equitable tolling is not available to cure Petitioner's untimeliness. [ECF No. 40 at 10–14 (citing *Holland v. Florida*, 560 U.S. 631 (2010)).] Generally, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Bogan v. South Carolina*, 204 F. App'x 160, 160 (4th Cir. Nov. 1, 2006) (per curiam) ("Recourse to equitable tolling must be guarded and infrequent."). To warrant this rare remedy, Petitioner must prove that "extraordinary" external factors prevented him

---

[1] Courts in this district disagree as to whether the issuance date of a remittitur controls for purposes of calculating the statute of limitations under § 2244(d)(2) or if, instead, the date of filing governs. *Compare Heard v. Stephan*, No. 9:21-CV-00669-DCC, 2021 WL 4993414, at *2 (D.S.C. Oct. 25, 2021) *with Beatty v. Rawski*, 97 F. Supp. 3d 768, 772–76 (D.S.C. 2015). Here, Petitioner's claims are untimely based on either date.

4

from filing on time despite his diligent efforts. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner does not meet this burden, despite citing several excuses for his untimeliness. In his objections, Petitioner claims that he repeatedly attempted to file motions in state court and "contacted the Federal Court System" because those efforts were unsuccessful. [ECF No. 43 at 1.] His unsuccessful efforts in *state* court, however, do not justify Petitioner's failure to file a *federal* habeas claim within the one-year provided by § 2244(d).

The court likewise rejects Petitioner's argument—raised earlier in the proceedings—that equitable tolling is necessary because he did not receive a copy of the remittitur dismissing his PCR appeal in November 2020.[2] *See* ECF No. 1-2; *see also* ECF No. 40 at 11–12. As Respondent notes, Petitioner's PCR counsel was served a remittitur. *See* ECF Nos. 28 at 9; 28-10. And, even if Petitioner's attorney failed to notify him of the PCR court's judgment, that mistake does not excuse Petitioner's failure to file his habeas petition until April 2023. *See e.g.*, *Blake v. Walker-Staley*, No. 8:15-CV-01721-DCN, 2016 WL 1253185, at *4 (D.S.C. Mar. 31, 2016) ("This court has squarely held that 'attorney error of this type does not amount to an extraordinary circumstance entitling a habeas petitioner to the benefit of the doctrine of equitable tolling.'" (citation omitted)).

The court accordingly finds that Petitioner's claims are barred by the statute of limitations. His remaining objections to the Report, which namely concern the merits of his habeas petition, are overruled.

## II.

After the Report was filed, Petitioner moved to stay this action. [ECF No. 47.] He notes that an additional PCR claim is now pending in state court and argues that he will be exonerated

---

[2] Respondent acknowledges that the order was inadvertently addressed to a different inmate and returned to the South Carolina Court of Appeals as undeliverable. *See* ECF Nos. 28 at 9; 28-10.

in that action based on newly discovered evidence. *Id.* at 2. Petitioner also claims the resolution of the state action will "reset" the statute of limitations for his federal habeas petition. *Id.* at 1. Respondent opposes this motion. [ECF No. 49.]

In support of a stay and abeyance, Petitioner cites *Rhines v. Weber*, 544 U.S. 269 (2005). The Supreme Court there held that a district court may, in certain instances, stay a habeas action while unexhausted claims contained in the petition remain pending in state court. The Court noted that this procedure, where applicable, allows a state court an opportunity to pass on a matter before the federal court does so. *See Rhines*, 544 U.S. at 274.

That case, however, is distinguishable for several reasons. First, the *Rhines* Court addressed a "mixed" habeas petition—that is, a petition containing both exhausted and unexhausted claims. *See* 544 U.S. at 271. But such a petition is not before the court here. Petitioner's new claims—which concern false statements in his arrest warrant—do not appear in the petition pending before the court. *See* ECF No. 1; Florence County Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (enter 2024CP2100870) (last visited July 23, 2024).[3] Thus, the court is not awaiting a state court decision affecting the merits of the petition.

Additionally, the *Rhines* Court provided that stay and abeyance is available "only in limited circumstances" which are not present here. 544 U.S. at 277. In particular, the Court noted the procedure "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and where the unexhausted claims are not "plainly meritless." *Id.* Here, Petitioner's motion for a *Rhines* stay and abeyance only provides

---

[3] Petitioner notably references his new claims for the first time in his objections. *See* ECF No. 43 at 4–5. The court need not consider claims outside the petition. *See Samples v. Ballard*, 860 F.3d 266 (4th Cir. 2017).

6

a conclusory statement that "newly discovered evidence could exonerate him." [ECF No. 47 at 2.] Petitioner does not explain his statement or attach any supporting documents to his motion. Nor does he indicate why he was prevented him from discovering the evidence up to this point. He thus has not shown "good cause" for a stay and abeyance.

## CONCLUSION

For the above reasons, the Report, ECF No. 40, is adopted in its entirety and incorporated herein. Defendants' motion for summary judgment, ECF No. 29, is **GRANTED**, and a certificate of appealability is **DENIED**.[4] Plaintiff's request for a stay, ECF No. 47, is likewise **DENIED**.

**IT IS SO ORDERED.**

*Sherri A. Lydon*

July 23, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, reasonable jurists would not debate the propriety of the court's procedural rulings with respect to Petitioner's claims.